UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

N⁰ 10-cv-179 (JFB) (ARL)

———————————

UNITED STATES OF AMERICA,

Plaintiff,

VERSUS

MICHAEL MANOUSSOS,

Defendant.

———————————

**MEMORANDUM AND ORDER**
March 16, 2012

———————————

JOSEPH F. BIANCO, District Judge:

Plaintiff United States of America ("plaintiff" or "United States") brought this action against Michael Manoussos ("defendant" or "Manoussos") seeking to recover amounts due as a result of defendant's alleged unpaid student loan.

Plaintiff now moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants plaintiff's motion for summary judgment.

I. BACKGROUND

A. Factual Background

The Court has taken the facts set forth below from the parties' affidavits and exhibits, and from the plaintiff's Rule 56.1 Statement of Facts.[1] Upon consideration of a motion for summary judgment, the Court

---

[1] The Court notes that defendant has failed to file and serve a response to plaintiff's Rule 56.1 statement of facts, in violation of Local Civil Rule 56.1. Generally, a party's "'failure to respond or contest the facts set forth by the [moving party] in [its] Rule 56.1 statement as being undisputed constitutes an admission of those facts, and those facts are accepted as being undisputed." *Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 504 (S.D.N.Y. 2003) (quoting *NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 139 (S.D.N.Y. 2003)). However, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (citations omitted); *see also Gilani v. GNOC Corp.*, No. 04 Civ. 2935 (ILG), 2006 U.S. Dist. LEXIS 23397, at *4-5 (E.D.N.Y. Apr. 25, 2006) (exercising court's discretion to overlook the parties' failure to submit statements pursuant to Local Civil Rule 56.1). Accordingly, in the exercise of its broad discretion and given defendant's *pro se* status, the Court will overlook this defect and will deem admitted only those facts in plaintiff's Rule 56.1 statement that are

shall construe the facts in the light most favorable to the non-moving party. *See Capobianco v. City of New York*, 422 F.3d 47, 50 (2d Cir. 2005). Unless otherwise noted, where a party's 56.1 Statement is cited, that fact is undisputed or the opposing party has pointed to no evidence in the record to contradict it.[2]

Defendant applied for and was approved for a federally-insured student loan for a total principal amount of $49,076.29 ("the loan"). (Pl.'s 56.1 ¶ 1.) In exchange for the loan, defendant executed and delivered to Pennsylvania Higher Education Assistance Agency ("PHEAA") his promissory note, dated February 24, 1993, in the principal amount of $47,135.65.[3] (*Id.* ¶ 2.)

The U.S. Department of Education ("DOE") was notified, after due and diligent collection action, that defendant had failed to repay the loan. (*Id.* ¶ 3.) As a result of defendant's default on the promissory note, DOE purchased the promissory note as required by law, and became the assignee thereof. (*Id.* ¶ 4.) Defendant has failed and refused to make payment thereon. (*Id.* ¶ 5.) Pursuant to the Certificate of Indebtedness ("COI"), sworn to under penalties of perjury by one Deloris Gorham, Loan Analyst for the Department of Education, defendant owed plaintiff $117,644.13 as of August 4, 2009. (*Id.* ¶ 7.) As of the date of plaintiff's 56.1 statement, April 11, 2011, the total balance due plaintiff inclusive of principal, interest, and costs was $126,778.32. (*Id.* ¶ 8.)

In his answer to the complaint, filed April 30, 2010, defendant asserts four affirmative defenses: 1) "any and all student loans were fully paid and or discharged"; 2) defendant provided plaintiff "documentation of satisfaction and or discharge of student loans"; 3) "[p]laintiff is unable to verify the subject student loan account and or its payment and or satisfaction in part or full"; 4) "[a]ssuming arguendo the validity of said student loan, [p]laintiff is receiving a 'windfall' benefit and or unjust enrichment on the subject student loan(s) vis-a-vis the interest rate charged, judged against the interest rates afforded, modified and or amended on such qualifying student loans during the period in question, resulting in unconscionable interest charges herein." (Def.'s Answer ¶¶ 6-9.) In a July 8, 2011 letter, which the Court construes as defendant's opposition to the second motion for summary judgment, defendant maintains that he satisfied the loan in full by paying a collection agency allegedly employed by plaintiff. He argues that the plaintiff "has not accounted for the periods of time the subject account was placed with the collections agencies." (Letter from Def. to Hon. Joseph F. Bianco, July 8, 2011, ECF No. 24.)

---

supported by admissible evidence and not controverted by other admissible evidence in the record. *See Jessamy*, 292 F. Supp. 2d at 504. Thus, in the instant case, although defendant has failed to submit a Local Rule 56.1 statement in response to the plaintiff's motion, the Court has carefully reviewed the evidence submitted in both parties' moving papers and has determined that plaintiff has set forth detailed evidence fully supporting its claim, and defendant has failed to submit any evidence to demonstrate the existence of any genuine issues of material fact in dispute. Accordingly, the court grants the United States' motion for summary judgment, as set forth *infra*.

[2] In addition, although the plaintiff's Rule 56.1 Statement contains specific citations to the record to support its statements, the Court has cited to the Rule 56.1 Statement, rather than the underlying citation to the record, when utilizing the 56.1 Statement for purposes of this summary of facts.

[3] The promissory note for consolidated loans lists the principal at the time the loan is requested. When the loan is funded, the amount given is the payoff amount due on that date on the loan being consolidated. The principal listed in the promissory note, therefore, is typically a lower amount than is actually funded at a later date because additional interest has accumulated, or it can be lower if payments have been made in the interim. (Pl.'s Aff. in Support of Mot. for Summary Judgment ¶ 15 n.1.)

2

Additionally, in response to the plaintiff's first motion for summary judgment, defendant argued that he paid off the subject loan in 2001 and "specifically recalls the representations made by the collection agencies that Defendant's student loans were paid and satisfied in full with the payments made in 2001." (Def.'s Aff. in Opp. ¶ 6.)

### B. Procedural Background

Plaintiff filed the complaint in this action on January 14, 2010. Defendant answered the complaint on April 30, 2010. Plaintiff filed a motion for summary judgment on May 28, 2010, along with the requisite Notice to Pro Se Litigant Opposing Motion for Summary Judgment. Defendant filed an opposition on July 14, 2010, and plaintiff replied on July 30, 2010. On March 10, 2011, the Court heard oral argument with respect to the motion for summary judgment. Following the argument, the Court denied plaintiff's motion for summary judgment without prejudice to renewal. In particular, in response to questions from the Court at the oral argument, plaintiff stated its intention to re-file the motion with additional evidence to address the issues raised by defendant. In addition, the Court warned defendant that, in connection with the plaintiff's renewed motion, defendant would need to submit any evidence he possessed to support his conclusory contention that he had paid the loan in full.

Plaintiff filed a second motion for summary judgment on April 21, 2011, along with the requisite Notice to Pro Se Litigant Opposing Motion for Summary Judgment. Plaintiff filed a letter on June 29, 2011 noting that defendant had not filed a reply and requesting that the Court grant the motion for summary judgment. Defendant filed a letter on July 8, 2011, which the Court will construe as defendant's opposition to the second motion for summary judgment. Notwithstanding the Court's earlier warning, defendant's opposition consisted of a conclusory letter stating that plaintiff had not met its burden, and defendant submitted no documentation to refute plaintiff's detailed evidentiary submission. The Court has fully considered the submissions of the parties.

### II. STANDARD OF REVIEW

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may only grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that he or she is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (emphasis in original)). As the Supreme Court stated in Anderson, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50, 106 S. Ct. 2505 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247-48, 106 S. Ct. 2505 (emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

III. DISCUSSION

A.   Applicable Law

The case arises under the Higher Education Act of 1965, 20 U.S.C. § 1070-1080, which establishes a program of federally insured loans to qualified students of post-secondary education institutions. 20 U.S.C. § 1080 sets forth the procedures to be followed by lending institutions in the case of a default by a student-borrower. Upon default, the lender must notify the DOE, and the DOE must pay the lender the amount of the loss sustained. *Id.* § 1080(a). The "amount of the loss" is deemed to be "the unpaid balance of the principal amount and accrued interest." *Id.* The lender must show that it acted with "due diligence" in attempting to collect the loan, and must submit proof that it contacted the institution and made "reasonable attempts" to locate the borrower (if the borrower's location is unknown), or proof that it made contact with the borrower (when the borrower's location is known). *Id.*

Once it has paid the amount of the loss, the United States "shall be subrogated for all of the rights of the holder of the obligation upon the insured loan and shall be entitled to an assignment of the note or other evidence of the insured loan" by the lender. *Id.* at § 1080(b). In attempting to recover on such loans, the Secretary may "contract with private business concerns, State student loan insurance agencies, or State guaranty agencies" to assist with recovery. *Id.* Any such contract, however, must provide that attempts to make recovery are "fair and reasonable, and do not involve harassment, intimidation, false or misleading representations, or unnecessary communications concerning the existence of any such loan to persons other than the student borrower." *Id.*

4

B. Liability

As proof that defendant took out the loan at issue, plaintiff attaches a copy of the promissory note, signed by defendant, and dated February 24, 1993. (Pl.'s Mot. Ex. 2.) Defendant does not contest that his signature appears on the promissory note for this loan, and does not dispute that he received the money from the loan.

Additionally, plaintiff attaches a Declaration from Alberto Francisco ("Francisco Decl."). Francisco is a Loan Analyst in the Litigation Branch, San Francisco Service Center, Student Credit Management-Collections, Office of Student Financial Assistance of the DOE. (Francisco Decl. ¶ 1.) Francisco states that the defendant executed a promissory note on February 24, 1993 to secure the PHEAA loan. (*Id.* ¶ 14.) The DOE received and maintained in the ordinary course of business a copy of the Student Loan Consolidation Application reflecting defendant's request for a $47,135.65 loan from Law Access Federal Loan Consolidation Program and reflecting that a loan for $49,076.29 was disbursed on June 2, 1993 at 9 percent interest. (*Id.* ¶ 15.) According to the National Student Loan Data Systems ("NSLDS"), defendant took out eleven student loans under the Federal Family Education Loan program and one Consolidation loan. (*Id.* ¶ 16.) As stated in the original COI, which plaintiff attached to the complaint, PHEAA assigned its right and title to the loan to the DOE, and from October 10, 1996, the loan holder was not able to collect any money on the loan. (*Id.* ¶ 16.)

Defendant contends, as his first affirmative defense, that all of his student loans were paid in full and/or discharged. His second affirmative defense alleges that he provided documentation substantiating payment and satisfaction of the loan. (Def.'s Answer ¶¶ 6-7.) In support of these defenses, defendant provides three letters stating that three *unidentified* student loans were satisfied in full. (Pl.'s Mot. Ex. 4.) The first letter, dated April 12, 2001, from Mellon Bank, confirms that a PHEAA account was satisfied in full as of April 6, 2001 ("Mellon Letter"). (*Id.*) The second letter, dated May 24, 2001, from "Van Ru Credit Corporation," states that per its client, "The Education Resources Inst.," it now considered defendant's account "closed" ("Van Ru Letter"). (*Id.*) The third letter, dated July 1, 2001, from "TERI: The Education Resources Institute," confirms that defendant's account has been "Settled in Full" ("TERI Letter"). (*Id.*)

According to the Francisco declaration, the DOE "cannot determine which loans those letters refer to," though it "is clear" that this defendant "had other non-consolidated loans." (Francisco Decl. ¶¶ 17-18.) Indeed, the Van Ru Letter and the TERI Letter appear on their face to bear no relation to the loan at issue, since the United States does not contend that it became the assignee of any loans from The Education Resources Institute to the defendant. As to the Mellon Letter, plaintiff subpoenaed PHEAA and Mellon Bank for records concerning the loan referenced in plaintiff's letter. (Pl.'s Mot. Ex. 5.) PHEAA identified a Law Access Loan ("LAL") that was given to defendant of which PHEAA was the guarantor. (*Id.* Ex. 6.) The disbursement date was September 11, 1989. (*Id.*) The "final activity" on the account is listed as a credit of $8,780 to defendant's account, with an effective date for that payment of April 5, 2001. (*Id.*) Mellon Bank's records show an $8,780 payment on the same date. (*Id.* Ex. 7.)[4] As further proof that the loan referenced

---

[4] Additionally, the promissory note for the loan at issue includes a section on loans that were not

5

in the Mellon Letter is not the loan at issue, PHEAA included a separate "Loan Detail Information" document indicating that a loan in the amount of $49,076.29 was disbursed on June 2, 1993 at a rate of 9 percent interest. (Pl.'s Mot. Ex. 6.) PHEAA also included a document showing that the total defaulted amount on the loan was $57,339.72. (*Id.*) $57,339.72 is the exact amount that the COI states that the guarantor on the loan paid to the holder. The guarantor was then reimbursed for that claim payment by the DOE under its reinsurance agreement. The guarantor was unable to collect the full amount due, and, on October 10, 1996, assigned its right and title to the DOE.

Thus, it is abundantly clear from plaintiff's evidence that the loans referenced in defendant's letters are different from the loan at issue. Defendant has offered no evidence to refute plaintiff's uncontroverted evidence demonstrating that the satisfied loans referenced in defendant's letters are different from the loan at issue in this case. Accordingly, defendant has not met his burden in showing that there is a genuine issue of material fact with respect to the defendant's first and second affirmative defenses.

Defendant's third affirmative defense is that "[p]laintiff is unable to verify the subject student loan account and or its payment and or satisfaction in part or full." (Def.'s Answer ¶ 8.) This defense fails. By attaching the promissory note, the COI, the Francisco Declaration, and the loan history printout from the NSLDS, plaintiff has fully documented and established all elements of the claim – namely, the loan, the disbursement, defendant's default, and the amount owed to the United States. *See, e.g.*,

*United States v. Whitaker*, 09-CV-2983 (NGG) (ALC), 2011 U.S. Dist. LEXIS 133921, at *7-8 (E.D.N.Y. Nov. 18, 2011) (promissory note, Certificate of Indebtedness, and affirmation from plaintiff "constitute[d] sufficient proof that the [d]efendant [had] defaulted on her student loan debt"); *United States v. Brow*, No. 01-CV-4797 (NGG), 2011 U.S. Dist. LEXIS 76651, at *3 (E.D.N.Y. July 13, 2011) (holding defendant, who did not oppose plaintiff's motion for summary judgment, liable on basis of promissory note and Certificate of Indebtedness).

Defendant's fourth affirmative defense is unjust enrichment. Under New York law, "to prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Marini v. Lombardo*, 912 N.Y.S.2d 693, 697 (N.Y. App. Div. 2010) (internal quotation marks, citations, and alterations omitted). "The notion of unjust enrichment applies where there is no contract between the parties." *Maryland Cas. Co. v. W.R. Grace & Co.*, 218 F.3d 204, 212 (2d Cir. 2000); *see Rabin v. MONY Life Ins. Co.*, 387 F. App'x 36, 42 (2d Cir. 2010) (granting summary judgment to defendant on unjust enrichment claim as duplicative of breach of contract claim because plaintiff and defendant had "executed a valid and enforceable contract"); *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142 (N.Y. 2009) ("Where the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded.").

Here, the promissory note is a contract between plaintiff and defendant. Thus,

---

consolidated. (*Id.* Ex. 2.) Included in that category are two LALs, one of which lists Mellon Bank. (*Id.*)

plaintiff cannot be unjustly enriched by recovering under the terms of its contract, except insofar as the contract states an usurious rate of interest. In New York, the maximum permitted rate of interest that may be charged on a loan to an individual is 16 percent per year. N.Y. Gen. Oblig. Law § 5-501; N.Y. Banking Law § 14-a. The interest rate on the loan at issue is 9 percent. Accordingly, the defense of unjust enrichment fails.

As to defendant's argument that he satisfied the loan in full by paying a collection agency allegedly employed by plaintiff, defendant has offered no evidence to support this claim. Moreover, plaintiff has demonstrated, through the COI, the Francisco Declaration, and the loan history printout from the NSLDS that this loan has not been satisfied.

In sum, plaintiff has met its burden of proof in establishing the factual bases underlying its claim for recovery. In response to the plaintiff's evidence, defendant has submitted no evidence to show that there exists a genuine issue of material fact in dispute.[5] Accordingly, because there is no genuine issue of material fact in dispute, the court grants the United States' motion for summary judgment.

---

[5] At oral argument for the first summary judgment motion, defendant was explicitly advised by the Court that he would need to submit additional documentation supporting his claim that his letters (indicating three unidentified student loans were satisfied in full) relate to the loan at issue in this case, as opposed to some other loans. Defendant failed to do that or to submit any evidence whatsoever in response to plaintiff's renewed summary judgment motion, which demonstrates (1) that he failed to pay the loan at issue in this case, and (2) the letters defendant brought to the oral argument on the first motion do not relate to the loan at issue in this case. Indeed, defendant simply submitted a conclusory letter stating that he had no documentation to support his position.

### C. Damages

Under 20 U.S.C. § 1080(a), the "amount of the loss" that the United States can recover on a defaulted student loan claim is "an amount equal to the unpaid balance of the principal amount and accrued interest." The United States may also recover reasonable costs associated with the collection of a defaulted loan. *See id.* § 1080(b).

According to the COI, defendant owed a principal amount of $57,339.72. The COI states that interest accrues on the principal at a rate of $14.13 per day. As of April 11, 2011, defendant owed $69,014.60 in interest, for a total sum of $126,354.32. (Francisco Decl. ¶ 22.) The United States is entitled to post-judgment interest under 28 U.S.C. § 1961.

The United States also seeks costs associated with this action. Costs comprise the filing fee of $350, which plaintiff seeks pursuant to 28 U.S.C. § 2412, and service of process fee of $74.00. (Pl.'s Mot. Ex. 3.) The Court grants plaintiff these costs, totaling $424.00. *See United States v. Ruiz*, 10-CV-4551 (ADS) (ARL), 2011 U.S. Dist. LEXIS 115997, at *8 (E.D.N.Y. Oct. 7, 2011) (awarding United States $390 in costs in student loan action); *Terry*, 2009 U.S. Dist. LEXIS 115562, at *7 (awarding United States $150 in costs in student loan default judgment), *adopted by* 2009 U.S. Dist. LEXIS 115556 (E.D.N.Y. Dec. 11, 2009).

### III. CONCLUSION

For the foregoing reasons, the Court grants plaintiff's motion for summary judgment and awards plaintiff $126,354.32, plus $424.00 in costs. Pre-judgment interest shall continue to accrue at the rate of $14.13 per day from April 11, 2011 until the date judgment is entered. Plaintiff is also entitled

to post-judgment interest pursuant to 28 U.S.C. § 1961. The Clerk of the Court shall enter judgment accordingly and close the case.

        SO ORDERED.


_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 16, 2012
      Central Islip, NY


        \* \* \*


Plaintiff is represented by Michael T. Sucher, Esq., 26 Court Street, Suite 2412, Brooklyn, NY 11242. Defendant is *pro se*.